UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 06-079-DCR |
| | ) | and |
| V. | ) | Civil Action No. 2: 19-181-DCR |
| | ) | |
| DAVID JENNINGS, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant David Jennings pleaded guilty to one count of distributing cocaine and was sentenced to 120 months' imprisonment, to be followed by six years of supervised release. [Record Nos. 57, 72, 81] Jennings was released from custody in early 2015, but quickly violated the conditions of his supervised release. As a result, his term of supervised release was revoked and he was sentenced to 18 months' imprisonment. [Record No. 167] Jennings completed the 18-month sentence and was returned to supervised release on August 23, 2016. [Record No. 169]

Unfortunately, Jennings again violated the conditions of his supervised release and he was sentenced to 27 months' imprisonment on March 7, 2019. [Record Nos. 176, 178] Jennings filed a notice of appeal, but voluntarily dismissed that appeal in July 2019. [Record Nos. 179, 193] On October 21, 2019, Jennings filed a motion with this Court, challenging various aspects of the 27-month sentence under 28 U.S.C. § 2555. [Record No. 195] The Court promptly examined the petition, determined that Jennings was not entitled to relief under

§ 2255, and dismissed the matter pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. [Record No. 199]

Jennings has now filed a second § 2255 motion seeking to vacate, set aside, or correct the 27-month sentence imposed on March 7, 2019. [Record No. 204] Specifically, he contends that his appellate attorney was ineffective for concluding that there were no meritorious issues to raise in the 2019 appeal.

Consistent with local practice, Jennings' § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). United States Magistrate Judge Edward B. Atkins reviewed the motion and recommended that it be transferred to the United States Court of Appeals for the Sixth Circuit because it constitutes a second or successive motion within the meaning of 28 U.S.C. §§ 2244 and 2255. [Record No. 207]

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). And despite Jennings' failure to file timely objections, the Court has reviewed the Magistrate Judge's Report and Recommendations *de novo* and agrees that this matter must be transferred to the Sixth Circuit. "[D]istrict courts lack jurisdiction to consider second or successive habeas petitions without preauthorization from the relevant Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007)). Accordingly, Jennings' present motion is procedurally barred unless the Sixth Circuit gives

him permission to file it. *See* § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). The Court will transfer this matter to the Sixth Circuit so that it may determine whether the motion may be presented for substantive.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Magistrate Judge Edward B. Atkins' Report and Recommendation [Record No. 207] is **ADOPTED** and **INCORPORATED** by reference.

2. The Clerk of Court is directed to transfer Defendant/Movant David Jennings' motion [Record No. 204] to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255.

3. To the extent Jennings seeks relief from this Court, that request is **DENIED** in accordance with 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).

Dated: January 6, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky